## Abe Mayers et al. v. W. G. Paxton and Wife.

### No. 3083.

1. **Pleading Limitation in Trespass to Try Title.**—That plaintiff alleged title by limitation, after the general allegation of ownership, in trespass to try title, did not preclude the introduction of title by other means.

2. **Attachment Upon Homestead Void.**—An attachment levied upon the homestead of a family is void, and does not prevent the husband and wife selling it, the purchaser taking title unaffected by the attachment, nor would his title be affected by a subsequent order of court for the sale in the attachment suit where the issue of *homestead* was not made.

3. **Same—Cases Adhered to.**—Willis v. Matthews, 46 Texas, 478, adhered to.

4. **Omission from Inventory will not Affect Sale.**—That a tract of land may be omitted from an inventory of an estate will not affect the validity of a sale of it otherwise valid.

Appeal from Shelby.   Tried below before Hon. James I. Perkins.

Appellees W. G. Paxton and wife brought this suit in the District Court of Shelby County, Texas, against the appellant Abe Mayers, and subsequently brought suit against the defendants Rebecca and James Silas for the same land, and the two suits were by order of the court consolidated. The original suit was filed on the 14th of July, 1885, and each suit was in the form of trespass to try title against the appellants, defendants below, to recover possession of 302 acres of land, the John B. Freeland survey, in Shelby County, Texas, claiming title and possession of the same on the 20th day of May, 1885; and in addition to the ordinary declaration in trespass to try title they pleaded specially the statutes of limitation of three, five, and ten years, and also claimed rents and profits for use and occupation.

The appellants, defendants in the court below, presented three issues in their answer filed May 12, 1887, to-wit:

1.   A disclaimer of title to all of said land except 204 acres, and a general denial and a plea of not guilty as to that.

2. A plea of the statutes of limitation of three and five years.

3. A title by deed made by John B. and Margaret C. Freeland on the 6th of August, 1862, to the defendant Abe Mayers, and which was filed among the papers of the cause. The vendors Freeland and wife at their sale to Mayers had their homestead upon the land.

The appellees, the plaintiffs, on the 19th day of March, 1888, in avoidance of the defendants' title, filed a supplemental petition, in which they presented the issue that before the sale of the land by John B. Freeland and his wife Margaret C. Freeland to the defendant Mayers one G. W. Weaver had brought suit in the District Court of Shelby County, Texas, against John B. Freeland for debt for about $500, and had sued out and levied an original writ of attachment on the land in controversy, and that the said suit and the attachment were pending at the time the said Freeland and wife sold said property to Mayers, and that the said Weaver afterwards obtained a judgment against the said Freeland for his debt and foreclosed the attachment lien against said land; that the land was sold by virtue of said judgment, and that G. W. Weaver purchased the same, and that the plaintiffs claimed title from the said Weaver by deeds which were filed among the papers of said cause.

By second supplemental answer the defendants pleaded the exemption of the homestead of Freeland and wife at the levy of attachment and at their subsequent sale to Mayers. This on exceptions was stricken out.

*T. C. Davis,* for appellants.— 1. If the land was pre-empted by John B. Freeland and was owned and occupied by him and his family as a homestead at the time of the levy of the attachment by G. W. Weaver in a suit against John B. Freeland, and the wife of John B. Freeland was not a party to said suit, then the issuance and levy of said attachment was void, and a sale of said property to Mayers would vest in Mayers title to said property. Thompson v. Jones, 60 Texas, 95; Campbell v. Elliot, 52 Texas, 151.

2. In trespass to try title the plaintiff need not plead his title specially. Under the general allegation of possession and eviction he will be permitted to show any kind of a legal title; but if instead of relying on his rights under the general allegation of title he pleads his title specially, he will be held in his proof to the title so pleaded. Rev. Stats., art. 4786; 45 Texas, 441; 47 Texas, 218.

3. Property not inventoried by the executor or administrator is not under the jurisdiction of the Probate Court so as to be subject to its orders. Schmeltz v. Garey, 49 Texas, 50; Pasch. Dig., arts. 1299–1301; 74 Texas, 245.

*E. B. Wheeler,* for appellees.— 1. The court did not err in sustaining exceptions to and striking out defendants' second supplemental answer,

wherein the defendants had pleaded the homestead rights of John B. and Margaret C. Freeland to the land in controversy at the time of the levy of the attachment and at the time of the sale of the land by John B. Freeland and wife to the defendant Mayers. Paxton v. Meyer, 67 Texas, 96; Clements v. Lacy, 51 Texas, 150; Baker v. Ramey, 27 Texas, 52; Dunlap v. Wright, 11 Texas, 597; Flanagan v. Pearson, 61 Texas, 302.

2. In trespass to try title either party if he pleads limitation must plead it specially, and may plead any other matter generally, and will then be permitted to prove limitation or any other legal title he may hold. 45 Texas, 441; 47 Texas, 218.

*Drury Field*, also for appellees.—Appellees insist that if at any stage of proceeding in this cause homestead right was available to Freeland and wife it should have been set up and asserted in the suit of G. W. Weaver against J. B. Freeland to recover judgment and enforce the attachment lien. And inasmuch as that was not done by Freeland in that suit, and the record shows that Mayers purchased pending the same, he is legally concluded to the same extent by that judgment that Freeland was. This claim to homestead privileges of Freeland and wife enuring to the benefit of the appellant Mayers comes too late. It should have been urged in resistance to the enforcement of the attachment lien. That not having been done, the judgment in the Weaver v. Freeland case precludes Mayers controverting the same in the collateral manner attempted. Moreover, this court disposed of this question when this cause was before it on former appeal by Paxton and wife. 67 Texas, 96. In the case cited it was held that if Mayers purchased pending the attachment he was bound by the judgment rendered in the attachment proceeding.

GAINES, ASSOCIATE JUSTICE.—This case was before this court at a former term, and the opinion is reported in 67 Texas, 96. After the case was remanded the defendants filed a pleading which they denominated the second supplemental answer, to which an exception was sustained.

The correctness of the court's action in that particular is now before us for consideration. The suit is an action of trespass to try title, and the original petition contained, in addition to the ordinary allegations appropriate to that action when brought in the statutory form, averments alleging title in the plaintiffs by the statutes of limitation.

The defendants in their amended original answer disclaimed as to all the land except a tract of 204 acres, and as to that pleaded not guilty, the statutes of limitation, and specially that Mayers acquired title to the land by a deed made to him on the 6th day of August, 1862, by one John B. Freeland, the original grantee from the State.

In reply the plaintiffs alleged that before the conveyance from Freeland to Mayers one Weaver, under whom they claim, had brought suit.

against Freeland to recover a debt and had caused the land to be attached; that in such suit Weaver subsequently recovered a judgment foreclosing the attachment lien, and that Freeland having died, his administrator, in pursuance of an order of the District Court sitting in probate, had sold the land in satisfaction of the attachment lien, and had conveyed it to Weaver, who became the purchaser at that sale. They also averred that the plaintiff Mrs. Paxton was one of the heirs of Weaver, and that all the other heirs had conveyed their interest in the land to her coplaintiff W. G. Paxton.

In reply to these allegations the defendant Mayers filed a supplemental answer in which he averred that at the time of the levy of the attachment the land in controversy was the homestead of John B. Freeland and his wife, and so continued to be their homestead until they conveyed the same to defendant, as previously alleged. It was to this answer that the exception was sustained, and we are of opinion that there was error in the ruling of the court.

If the land in controversy was the homestead of Freeland at the time the attachment was levied upon it, the levy was a nullity as to the 200 acres, including the residence, and no lien was created except upon the excess. Freeland and wife had the right to sell the homestead, notwithstanding the levy, and the purchaser took a good title. Notwithstanding the purchase by appellant may have been made while the suit was pending and after the attachment was levied, and notwithstanding the judgment subsequently rendered against Freeland expressly ordered the land to be sold in satisfaction of the debt, his rights in the property were not affected if in fact it was the homestead of his vendor. This was expressly held in Willis v. Matthews, 46 Texas, 478. If the question of homestead or not had been raised by the pleadings in the suit before Mayers' purchase, as a purchaser *pendente lite* he would have been concluded by the judgment. But it does not appear that any such issue was made. If the land was the homestead of Freeland, as alleged by appellant, it is well settled by decisions of this court that his title was not affected by the sale made by Freeland's administrator by virtue of the orders of the Probate Court. Poland v. Davenport, 50 Texas, 278; Schmeltz v. Garey, 49 Texas, 49; Lockhart v. Ward, 45 Texas, 227.

The court below did not err in permitting the plaintiffs to prove a title other than by the statute of limitations. A party who pleads his title specially in the action of trespass to try title is confined in his proof to the title so pleaded. But the rule does not apply where a plaintiff in addition to the statutory averments, or a defendant in addition to his plea of not guilty, has pleaded the statute of limitation. Limitation when relied upon either as a ground of action or of defense must be specially pleaded, and the fact that this has been done should not preclude a plaintiff in an action of trespass to try title from establishing any other title upon which he may

rely, nor should a defendant who has pleaded not guilty and the statute of limitation be confined to the latter defense.

In regard to appellants' third assignment of error, we deem it sufficient to say that the only property shown upon the inventory of the estate was 318 acres of land. This is presumably the land sued for in this action, which consisted of a little more than 300 acres. We do not wish to be understood, however, as holding that a failure to put the land upon the inventory would render a sale otherwise legal void.

For the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 17, 1890.