MATILDA VOTAW ET AL. v. J. M. PETTIGREW ET AL.

Delivered December 2, 1896.

**Homestead Preemption—Heirs of Wife—No Descent of Title Before Three Years' Occupancy.**

An actual settler upon vacant public domain under the homestead law acquires no title until three years' occupancy; and upon the death of his wife, after filing and before expiration of the three years, no community interest descends to her heirs such as will defeat a subsequent conveyance of the land by him.

ERROR from Leon. Tried below before Hon. J. M. SMITHERS.

*J. J. Dotson,* for plaintiffs in error.

*T. T. Vander Hoeven* and *B. D. Dashiell,* for defendants in error.

NEILL, ASSOCIATE JUSTICE.—Matilda Votaw, joined by her husband, Tom, brought this suit against J. M. Pettigrew and J. W. Waltman in the form of trespass to try title to recover a one-sixth interest in an hundred and sixty acres of land. The cause was tried without a jury and judgment rendered for defendants, from which this writ is prosecuted.

*Conclusions of Fact.*—R. B. Vest with his wife, Mary Ann, in 1869, settled on the land in controversy which was then a part of the vacant, unappropriated public domain, and, on February 10, 1871, he filed with the county surveyor his affidavit for its preemption, by virtue of which

it was, on May 18, 1871, surveyed and the field notes recorded in the county surveyor's office of Leon County. On September 15, 1871, Mary Ann, who was residing on the premises with her husband, died; and, within a few weeks thereafter, her husband married Ellen Measles. On October 13, 1874, a patent was issued by the State to R. B. Vest, who was then occupying the land with Ellen as a homestead, and on March 2, 1875 he and his said wife, by deed of that date, conveyed all the land save five acres to C. J. Pettigrew. On September 29, 1879, Vest and his said wife, by their deed of that date, conveyed the remaining five acres to H. Levy. The defendants in error, J. M. Pettigrew, and J. W. Waltman, hold the entire survey under a regular chain of conveyance from the said vendees of Vest and wife down to themselves. The plaintiff in error, Matilda Votaw, is a daughter of Mary Ann Vest. The evidence fails to show that the vendees of R. B. Vest and his wife Ellen had any notice of Vest's marriage to the mother of plaintiff in error, or of the claim of Matilda to an interest in the land at the time of their purchase, or that defendants in error or any of their vendors ever had such notice.

*Conclusions of Law.*—1. The husband, as the head of a family, has the right to select the domicile; but as a pre-emptor neither he nor his wife has a vested right in vacant public land located upon by him until he has lived thereon the requisite length of time to obtain a patent. Therefore Mary Ann Vest, at the time of her death, having no title to the land, but only a prospective interest dependent upon a compliance with the law regulating the acquisition, by pre-emption, of homesteads by actual settlers, could transmit no title by inheritance to her daughter Matilda. Roberts v. Trout, 35 S. W. Rep., 323; Mitchell v. Nix, 1 Posey Unrep. Cas., 126, 140.

The judgment of the District Court is affirmed.

*Affirmed.*