## J. P. GAFFORD v. C. L. FOSTER.

Decided May 7, 1904.

1.—Community Property—Tax Title—Limitations.

Where the title to land purchased by a husband during the lifetime of his wife depended on possession of the land for five years under the recorded tax deed, and the wife died before the deed was recorded, the title eventually acquired by virtue of the five years possession was not community property, and the children of the wife inherited no interest in the land which they could assert against one purchasing it from the husband.

2.—Same—Possession by Virtue of the Deed.

The fact that the husband and wife took possession of the land under and by virtue of the tax deed prior to its registration and the wife's death, would not let in a claim of community title acquired by naked possession under the ten years statute of limitations.

3.—Same—Title Not Acquired Until Limitation Has Run.

Even if, despite the recorded tax deed, title could be asserted by possession alone under the ten years statute, yet as the wife died before the expiration of that period, no title had vested in her, and her inchoate right in the land, not being such as could be asserted in the courts as a basis for cause of action or defense, did not constitute title.

Appeal from the District Court of Hood. Tried below before Hon. W. J. Oxford.

*John J. Hiner* and *W. D. Wilson,* for appellant.

*Lon Morris,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is a suit in trespass to try title brought by appellees against appellant in the District Court of Hood County, to recover an undivided interest in 320 acres of land. On April 6, 1878, R. T. Foster, Sr., whose wife was then living, purchased at tax sale the 320 acres of land in controversy. Immediately thereafter he took possession, after which, and on January 23, 1880, Mrs. Foster died, leaving surviving her, besides her husband, the appellees and a son through whom appellant claims. The tax deed to R. T. Foster, Sr., was filed for record August 3, 1880. R. T. Foster, Sr., by warranty deed, dated March 4, 1895, filed for record August 22, 1895, conveyed the land in controversy by metes and bounds to a son, G. W. Foster, who in turn conveyed the same to appellant November 24, 1902. R. T. Foster, Sr., together with his wife during her lifetime, and together with his children after her death, was in possession of the land until the conveyance to G. W. Foster above referred to. Since the conveyance to him G. W. Foster has at all times held possession, and paid the taxes for the years 1895, 1896, 1897 and 1898. The taxes for 1899 were paid, but by whom the record does not disclose. Upon this state of facts the trial court, without the intervention of a jury, rendered judgment for the appellees, upon the theory, doubtless, that the land was a part of

the community estate of R. T. Foster, Sr., and his deceased wife. This we think was error. From the dates above given it will be seen that the tax deed, which all the parties to this suit claim to be the basis of their title by limitation, was not recorded until after the death of Mrs. Foster. Until its registration the five years statute of limitations did not begin to run. Sayles' Civ. Stats., art. 3342; Porter v. Chronister, 58 Texas, 56; Adkins v. Galbraith, 10 Texas Civ. App., 175, 30 S. W. Rep., 290. For this reason, at least, we think the children of Mrs. Foster acquired no interest whatever by inheritance from her to the land in controversy. By the registration of the deed in 1880, and the subsequent occupancy of the land for the period prescribed by law, R. T. Foster, Sr., must be held to have full title in his own right to the land in controversy. Sayles' Civ. Stats., art. 3347. If it be contended that since the possession of Foster and wife antedated the registration of the tax deed, the ten-year statute of limitations would apply, it is sufficient to say that his possession was taken under, and must be attributed to, the tax deed. And if it were not, it has been expressly held under the ten years statute that the property is not acquired, within the meaning of our statute of defining community property, until the expiration of the period of prescription. Bishop v. Lusk, 8 Texas Civ. App., 30, 27 S. W. Rep., 306; Speer's Law of Married Women, secs. 197, 199. See, also, Texas & N. O. Ry. Co. v. Speights, 94 Texas, 350, 60 S. W. Rep., 659; Votaw v. Pettigew, 15 Texas Civ. App., 87, 38 S. W. Rep., 215; Roberts v. Trout, 13 Texas Civ. App., 70, 35 S. W. Rep., 323. The writer is inclined to the view, for the reasons given in the authorities cited, that even though the tax deed in this instance had been recorded during the lifetime of the wife, yet the period of prescription not having expired at the date of her death, the land was not acquired within the meaning of our community statute, so as to cast upon appellees by inheritance any interest therein whatever. It is insisted that at the death of Mrs. Foster she had an inchoate right in the property which she might perfect by limitations into a perfect title. But a right is something which may be asserted in the courts as a basis for cause of action or defense. Clearly Mrs. Foster had no such right as would enable her, or the husband for her, to defend against the true owner, or even to recover from a trespasser the possession of the land had it once been lost. There are any number of authorities to the effect that when a right to property is acquired during marriage such property will belong to the community, even though the wife dies prior to the completion of the title. This is so in bonds for title to property, or other contracts of purchase, bounty warrants, land certificates, and the like; but in all these cases a legal right exists in favor of the community which may be asserted as against the world. This is not true in the case of one who attempts to acquire title by limitation. He has only the chance of obtaining title by being permitted, unmolested, to hold for the prescribed time.

Neither party contends that the tax deed in this instance is more than a basis for limitations. The prerequisites of a sale for delinquent taxes were not shown. This being true, and the facts hereinbefore shown being undisputed, the District Court should have rendered judgment for the defendant. The judgment is therefore reversed and here rendered for the appellant.

*Reversed and rendered.*