COOK et al. v. HOUSTON OIL CO. OF TEXAS.

(Court of Civil Appeals of Texas. Galveston. Feb. 4, 1913.)

1. ADVERSE POSSESSION (§ 57*)—COMMENCEMENT OF OCCUPANCY — EVIDENCE — SUFFICIENCY.

In trespass to try title, evidence *held* to sustain a finding that occupancy under which title by adverse possession is claimed began in 1852 or 1853.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 277, 278, 687; Dec. Dig. § 57.*]

2. HUSBAND AND WIFE (§ 249*)—WIFE'S SEPARATE ESTATE—ADVERSE POSSESSION.

Where title to land occupied by a husband and wife is perfected by adverse possession after his death, the land becomes the wife's separate estate.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 887, 889–892; Dec. Dig. § 249.*]

3. HOMESTEAD (§ 32*)—EXEMPTION—RIGHT TO CLAIM.

Plaintiffs in trespass to try title could not assert a homestead exemption in land which they had never used or occupied as a homestead.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 40–43; Dec. Dig. § 32.*]

4. LIMITATION OF ACTIONS (§ 39*)—FRAUD IN DEED.

In trespass to try title, plaintiffs were precluded from asserting invalidity of a deed executed by their mother on the ground that it was procured by fraud and was without consideration, where the four-year statute of limitation had run.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 172, 190–211; Dec. Dig. § 39.*]

5. LIMITATION OF ACTIONS (§ 182*)—PLEADING.

Where plaintiff in trespass to try title relies on a limitation title, he must plead it.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 676–682, 695, 705; Dec. Dig. § 182.*]

Error from District Court, Hardin County; L. B. Hightower, Judge.

Trespass to try title by Peter Cook and others against the Houston Oil Company of Texas. Judgment for defendant, and plaintiffs bring error. Affirmed.

Tom J. Russell, of Beaumont, for plaintiffs in error. Hightower, Orgain & Butler and W. H. Davidson, all of Beaumont, and H. O. Head, of Sherman, for defendant in error.

REESE, J. This is an action of trespass to try title by Peter Cook and others, children and heirs at law of F. W. Cook, to re-

cover a tract of 320 acres of land, part of the M. M. Bradley league. It was alleged substantially in the petition that 640 acres, of which the 320 acres sued for is a part, had been acquired by the father and mother of plaintiffs under the statute of limitation of 10 years during the lifetime of their father; that, after their father's death, their mother, Mrs. Augusta Cook, recovered judgment against the Texas Pine Land Association for 320 acres of said 640 acres; that she represented to her children, the present plaintiffs, that this was her half of the 640 acres, and she would leave the other 320 acres, being the land now sued for, to her six children as their father's part of the land. The judgment in this suit was in 1896. It was further alleged that the deed afterwards executed by Mrs. Cook to the Texas Pine Land Association to all her right, title, and interest in and to the Mark M. Bradley league, save and except the 320 acres for which she had recovered judgment, conveyed no title as against these plaintiffs, she having by her election to take the said 320 acres as her share of the community 640 acres divested herself in favor of her children of any right or title to the 320 acres sued for, and the said deed is a nullity, so far as the claims of plaintiffs are concerned. It was alleged that the 320 acres sued for was at the time of the execution of said deed by the plaintiffs Peter, F. W., and Ernest Cook their homestead, occupied by them with their respective wives and families, and that the same was not executed by their said wives, that the said deed was a nullity, and there is prayer that the same be canceled and held for naught. Defendant answered, denying generally the allegations of the petition, and specifically the material allegations herein set out. As to the prayer for cancellation of the deed to the Texas Pine Land Association, they pleaded the statute of limitation of four years. Defendant also pleaded in reconvention, and prayed for judgment establishing its title as against plaintiffs. A trial with a jury resulted in a judgment against plaintiffs as to their claim of title, and also in favor of defendant on its affirmative plea. No motion for new trial was made. From the judgment plaintiffs appeal by writ of error. The trial court prepared and filed conclusions of fact and law. The case was tried October, 1911.

None of the assignments complain specifically of any of the conclusions of fact, which were not excepted to, either by way of exception to the judgment or otherwise. From an examination of the statement of facts, we find that the conclusions of fact are fully supported by the evidence, and they are adopted by us as our conclusions of fact. These conclusions are as follows: "I find that the plaintiffs and defendants entered into an agreement in writing, which was filed herein, by which they agreed that the record title to the land in controversy is in the defendant, and that the only claim of plaintiffs to the land is the claim thereto by limitation. The plaintiffs having made some contention as to their right to introduce proof on the homestead claim set up by some of them and their wives and as to attacking the deed from Mrs. Augusta Cook and others (some of the plaintiffs) to the Texas Pine Land Association, I allowed plaintiffs and the wives of them to file homestead claims, as also the plea attacking said deed for want of consideration. I find that Mrs. Augusta Cook and Frederick Cook were the mother and father of plaintiffs named in the petition (except the husbands of the women), and that the wives asserting the homestead claims are the wives of the three plaintiffs, Peter or A. P. Cook, Fritz or F. W. Cook, and Ernest or E. C. Cook; that plaintiffs claim by inheritance through their father, Frederick Cook, based upon his occupancy of the 320 acres adjoining the land in controversy. I find that Frederick Cook and his wife, Augusta Cook, settled and moved onto the 320 acres (afterwards awarded to Mrs. Augusta Cook by the District Court of Hardin county in 1896) in 1852 or 1853, and which fact was admitted by plaintiffs in open court. I find that Frederick Cook and wife, Augusta Cook, resided on said land continuously until at some date during the Civil War, between 1860 and 1865, at which time said Frederick Cook died; that his wife, Augusta Cook, continued to reside on said land thereafter until her death, which occurred about 1901 or 1902; that subsequent to the death of Frederick Cook, and about the year 1885, Mrs. Augusta Cook had the land in controversy surveyed, which adjoins the 320 acres on which she and her deceased husband resided. I find that all of the plaintiffs and those parties asserting the homestead claims have resided with their mother on said original 320 acres, and do now reside thereon, and that neither of them have ever resided on or used any of the land here in controversy. I find that the record title to the land in controversy is good in the defendant, and that (as admitted in open court by all parties) the defendant holds under the Texas Pine Land Association by a regular and consecutive chain of conveyances. I find that on April ——, 1896, Mrs. Augusta Cook, F. W. Cook, E. C. Cook, and A. P. Cook (the latter three parties being plaintiffs in this suit, and Mrs. Augusta Cook their mother) conveyed by deed to the Texas Pine Land Association all of their right, title, interest, and claim in and to the Mark M. Bradley league, except the 320 acres recovered by Mrs. Augusta Cook in the judgment of the Hardin county district court, in 1896, above referred to, which Mark M. Bradley league embraces and includes the land in controversy. I also find that said deed was executed on said date,

which was more than four years prior to the filing of this suit.".

[1] By the first six assignments of error plaintiffs in error (who are hereafter styled, for brevity, appellants) complain of the judgment on the ground that the evidence shows that F. W. Cook, Sr., father of appellants, and his wife, Augusta, took possession of 640 acres of the Bradley league, being the 320 acres here sued for and the 320 acres for which Mrs. Cook recovered judgment as aforesaid, more than 10 years before the statute of limitation ceased to run, on account of the war, to wit, January 28, 1861, and that by adverse possession they acquired, as community property, title to 640 acres of land under the law then in force. It is contended that under this state of facts, upon the death of their father in 1864, one-half of this 640 acres descended to and vested in his heirs, that their mother, by virtue of the suit referred to and the judgment in her favor, elected to take the 320 acres adjudged to her as her one-half of the community, leaving the 320 acres sued for as the property of appellants as heirs of their father. The entire case for appellants depends in fact upon this issue of fact, which, as we have shown, was decided against them. The burden was upon appellants to establish affirmatively these facts. This they failed to do in two particulars, either of which was fatal to their claim. It is substantially admitted that they have no claim if their father's possession began at a date less than 10 years prior to January 28, 1861. Their contention is that it began in 1848 or 1849, and this claim rests solely upon the testimony of their witness, J. M. Humble. The trial was in October, 1911. Humble testified that he was then in his sixty-ninth year; that is, that he was born in the year 1842. He testified that F. W. Cook and his family were living on the place where they now live in 1848 or 1849 "or about that time," and that they were also living there to his knowledge in 1852, and at various times afterwards. This witness, according to his own testimony, was only six years old in 1848, and his testimony shows that either his memory is treacherous, or he testified to matters of which he knew nothing. He stated that he was between nine and ten years old when he first saw Cook on the land. He was, according to his own statement, nine years old in 1851 and ten years old in 1852. He stated that F. W. Cook died before the Civil War. His children testified that he died in 1864. Humble stated that Mrs. Cook died a year or two, or possibly three years, before the trial. Her children, appellants here, testified that she died nine years before the trial. None of the children of Mr. Cook place his settlement and occupancy of the land at an earlier date than 1852. Four of them testified for appellants, and they placed the first occupancy of this land in 1852, 1853, or 1854. One of them, Ernest Cook, testified that he was born August 24, 1852, and that his mother told him that "she brought me there when I was about a year old." This would be in 1853. The testimony of Humble stands alone and unsupported by any other testimony, or by any fact or circumstance in evidence. Any other conclusion than that at which the court sitting as a trier of the facts arrived, that F. W. Cook's occupancy began in 1852 or 1853, would have been against the great preponderance of the evidence. It certainly cannot be said not to be supported by the evidence.

[2] Assuming, then, that limitation title was not perfected until after the death of F. W. Cook, Sr., what would be the legal consequences? The trial court held that the land became the separate estate of Mrs. Augusta Cook. This precise question has never been determined by our Supreme Court. Creamer v. Briscoe, 101 Tex. 494, 109 S. W. 911, 17 L. R. A. (N. S.) 154, 130 Am. St. Rep. 869. It may be that the opinion in this case may be taken as an implied approval of the opinion of the Court of Civil Appeals in Bishop v. Lusk, 8 Tex. Civ. App. 30, 27 S. W. 306, as the Supreme Court held that the case under consideration was distinguishable from the case of Bishop v. Lusk. In this latter case, however, the precise question was decided in an able and well-reasoned opinion by Judge Finley of the Court of Civil Appeals of the Fifth District, in which it was held that the land was not "acquired" within the meaning of that term in article 2852, R. S., with regard to community property, until the completion of full ten years of adverse occupancy as provided by the statute of limitation, that until this was done the adverse occupant was a mere trespasser, without right or title, and upon his death there was nothing for his heirs to inherit. To the same effect, as applied to the acquisition of property under the five-year statute of limitation, was the opinion of the Court of Civil Appeals of the Second District in the case of Gafford v. Foster, 36 Tex. Civ. App. 56, 81 S. W. 63. No writ of error was applied for in this case. Without undertaking to repeat or add to the opinion in the Lusk-Bishop Case, which is on all fours with the present case, we are content to adopt the reasoning as well as the conclusions there announced. This disposes of the first six assignments of error and the several propositions thereunder, which are overruled.

[3, 4] This practically disposes of this appeal, as appellants only seek to recover that portion of the land inherited from their father. The evidence is sufficient to support the finding that F. W. Cook and wife only claimed the 320 acres which Mrs. Cook recovered from the Texas Pine Land Association, and that no claim was set up to the land here sued for until 1885, at which time the title to a claimant under the 10-year statute was

limited to 160 acres. With regard to the contention that the deeds of F. W. Cook, Jr., Peter Cook and Ernest Cook to the Texas Pine Land Association for their right, title, and interest in the M. M. Bradley league was void, in so far as it affected the title to the land sued for, on the ground that it was their homestead and their respective wives did not join in the deed, the evidence showed that these parties had their homes on the 320 acres adjudged to Mrs. Augusta Cook, and had never used or occupied any part of the land here sued for as a homestead. Whatever title had been acquired by limitation to the land here sued for, if any, was in Mrs. Augusta Cook. Whatever title she had passed by her deed to the Texas Pine Land Association. Appellants undertook to attack this deed as having been procured by some sort of fraud, and having been executed without consideration. If the evidence was sufficient to raise this issue, and we do not think it was, appellants were barred by the statute of limitation of four years, which was pleaded to this attack on the deed. This disposes of all of the assignments of error which, with the several propositions thereunder, are severally overruled.

[5] By cross-assignment of error appellee contends that evidence as to appellants' claim of title under the 10-year statute of limitation should have been excluded, upon their objection that appellants had not pleaded the limitation title. The legal proposition that, when a plaintiff in trespass to try title relies upon a limitation title, he must plead it, is supported by the authorities. Mayers v. Paxton, 78 Tex. 196, 14 S. W. 568; Miller v. Gist, 91 Tex. 335, 43 S. W. 263; Molino v. Benavides, 94 Tex. 413, 60 S. W. 875. We are of the opinion, however, that the limitation title was pleaded in this case. The cross-assignment is overruled.

Finding no error in the record, the judgment is affirmed.

Affirmed.