## JOHNSON v. ECHOLS et al. (No. 661.)

Court of Civil Appeals of Texas. Eastland.
Oct. 18, 1929.

Rehearing Denied Nov. 8, 1929.

Grisham Bros., of Eastland, for appellant. W. O. Gross, of Mineral Wells, and D. T. Bowles, of Breckenridge, for appellees.

LESLIE, J. This is an appeal from an order of the district judge of Palo Pinto county granting a temporary injunction restraining the sale of certain property under foreclosure of an attachment lien. The plaintiffs alleged the property was a homestead at the time the levy was made and that the homestead issue was not litigated in the original attachment suit, and that Mrs. Echols had a right to sell and convey the property to her daughter, notwithstanding the levy of the writ.

The circumstances leading up to this litigation are, substantially, these:

November 25, 1927, J. J. Johnson sued L. R. Jackson and Mrs. Annie Echols in the district court of Palo Pinto county to recover on a promissory note and foreclose a vendor's lien on land situated in that county. On the same date said Johnson filed his affidavit for an attachment in the original suit to be directed against the property of Mrs. Echols, situated in Stephens county. The writ issued was placed in the hands of H. C. Thornton, sheriff of the latter county, who levied it the same day upon the entire interest of Mrs. Echols in 503 acres of land in Stephens county.

January 2, 1928, Mrs. Echols, for a valuable consideration, conveyed her interest in said lands to her daughter, Edith Echols. The deed was filed and recorded the same date.

March 8, 1929, Johnson, the plaintiff in the original cause, No. 7743, took a judgment against the defendants therein, L. R. Jackson and Mrs. Annie Echols, for the amount of his debt, with a foreclosure of the vendor's lien on land in Palo Pinto county, as well as a foreclosure of the attachment lien asserted against the Stephens county property. Thereafter the Palo Pinto county land was sold under the foreclosure and then followed the order of sale arising from the foreclosure of the attachment lien. It appears that the sheriff, on August 6, 1929, advertised for sale the interest of Mrs. Echols seized under the levy of the attachment.

As the time for the sale approached and at this juncture the plaintiffs in this cause, Mrs. Annie Echols and Edith, her daughter, presented to the district judge of Palo Pinto county the petition for an injunction in the instant case. There was no answer or motion to dissolve, and no hearing on the facts. An order was made by the court temporarily restraining the sale of the property to the extent prayed for; the same being an undivided 200-acre interest in said lands, and from such order this appeal is prosecuted.

■ The merits of the appeal must necessarily be determined from the allegations of the plaintiffs' sworn bill or petition. Upon this record we look to the petition alone in determining whether the action of the judge in granting the writ was erroneous or not. City of Paris v. Sturgeon, 50 Tex. Civ. App. 519, 110 S. W. 459, writ denied; Birchfield v. Bourland (Tex. Civ. App.) 187 S. W. 422; Collins, Sheriff, v. Citizens' Bank of Houston (Tex. Civ. App.) 241 S. W. 633.

■■ Only the record as it existed at the time the writ was granted can be considered. Moore v. Plott (Tex. Civ. App.) 206 S. W. 958. We therefore must take the sworn allegations of the bill as true and determine plaintiffs' right to the writ solely from what they have alleged. Middleton v. Presidio County et al. (Tex. Civ. App.) 129 S. W. 637; Birchfield v. Bourland, supra; Article 4662, Vernon's Ann. Civ. St. 1925, note 18.

■■ We come to the controlling question arising under these allegations in plaintiffs' petition wherein they specifically allege that, on the day (November 25, 1927) the attachment was levied, and on the day (January 2, 1928) Mrs. Echols sold and conveyed her entire interest in the 503 acres of Stephens county land to Edith Echols, she (Mrs. Echols) claimed and owned an undivided 200-acre interest in said lands as a homestead for herself and two unmarried daughters dependent upon her. And in this connection is set forth the further salient fact that Mrs. Echols' homestead rights on said dates were not adjudicated in the trial of cause No. 7743, wherein it was sought to foreclose the attachment lien against her property. The plaintiffs' petition for injunction specifically alleges there had been no adjudication of the asserted homestead claims; that neither the pleadings of Johnson, the plaintiff in cause 7743, nor those of Mrs. Echols, the defendant in that suit and a plaintiff here, raised that question in the original suit. That being the case, as appears from the plaintiffs' petition, we are of the opinion that the district judge did not err in granting the injunction herein complained of. We believe the authorities are definite and clearly in support of the proposition that a judgment foreclosing an attachment lien on land is not conclusive of the defendant's homestead rights in the attached lands where no issue regarding such homestead rights has been made by the pleadings of either party. We will not quote from the decisions, but cite the following supporting the rule: Willis v. Matthews, 46 Tex. 478; Mayers v. Paxton, 78 Tex. 196, 14 S. W. 568; Tobar v. Losano, 6 Tex. Civ. App. 698, 25 S. W. 973; Cline v. Niblo, 117 Tex. 474, 8 S.W.(2d) 633; Smith v. Lucas (Tex. Civ. App.) 15 S.W.(2d) 27.

Mrs. Echols' homestead right in the property not having been adjudicated in the attachment suit, she has a right in this proceeding to present that issue for determination. The petition showed a right in the plaintiffs and a threatened injury by the defendants, justifying the judge in granting the injunction and his order so doing is sustained.

■ That homestead rights may be impressed on lands owned by tenants in common, or where the claimant owns an undivided interest, is a proposition well settled by the authorities of this state. See Jenkins v. Volz, 54 Tex. 636; Tucker v. Dodson (Tex. Civ. App.) 245 S. W. 728; Massillon Engine & Thresher Co. v. Barrow (Tex. Com. App.) 231 S. W. 368.

■ It is equally well settled that, if Mrs. Echols owned a homestead interest in the lands, as alleged, she had, while such interest continued, the power and right to sell the same to her daughter or any other person, or give it to them. Under the law, creditors have no interest in exempt property, and the debtor may sell it or give it away and pass title as against his creditors. Mayers v. Paxton, 78 Tex. 196, 14 S. W. 568; Wells v. Jamison (Tex. Com. App.) 252 S. W. 1023; Matador Land & Cattle Co. v. Cooper, 39 Tex. Civ. App. 99, 87 S. W. 235; Russell v. Adams (Tex. Civ. App.) 293 S. W. 264; (Tex. Com. App.) 299 S. W. 889; Gillette v. Davis (Tex. Civ. App.) 296 S. W. 658; Sorenson v. City National Bank (Tex. Civ. App.) 293 S. W. 638.

Neither would the levy of an attachment on such property prevent the title from passing under a sale subsequent to such levy. Mayers v. Paxton, supra; also other authorities cited above.

All other questions presented by this appeal become immaterial under the conclusions here reached, and they will not be discussed.

The judgment below will be affirmed. It is so ordered.