## B. C. McCLELLAND, Jr., d/b/a Home Building Supply Company, Appellants,

v.

## William E. STEEN et al., Appellees.

## No. 6989.

Court of Civil Appeals of Texas.

Beaumont.

May 29, 1968.

Rehearing Denied June 26, 1968.

Wayne Carter, Cleveland, for appellant.

L. J. Clayton, Houston, for appellee.

PARKER, Justice.

Trial was to the court. Plaintiffs, William E. Steen, Billy J. Griswold and Shacaran Development Company sued B. C. McClelland, Jr. d/b/a Home Building Supply Company, defendant, to set aside, cancel and annul as a cloud upon their title to a tract of land an affidavit of defendant purporting to claim a Mechanic's and Materialman's Lien on said property. The defendant by way of cross-action sued the original plaintiffs and David Ray and Elizabeth Ray to establish his debt against the Rays and to foreclose his M & M Lien on said property as against all cross-defendants. Finding that the property involved was the residence homestead of David Ray and Elizabeth Ray, "antecedents in title to Plaintiffs herein," at the time materials were fur-

nished by defendant to them, the court rendered judgment:

I.

That the above described tracts of land constituted the homestead of DAVID RAY and wife, ELIZABETH RAY, and that Defendant's Mechanic's and Materialman's Lien be and is hereby CANCELLED AND HELD FOR NAUGHT insofar as the above described premises are concerned, and that the cloud upon the title to the premises occasioned by said Defendant's Mechanic's and Materialman's Lien be and is hereby REMOVED; that Plaintiffs be quieted in their title and that they shall have the peaceful and quiet enjoyment and use thereof.

II.

That the Cross-Plaintiff, B. C. McCLELLAND, JR., doing business as HOME BUILDING SUPPLY COMPANY, have Judgment against DAVID RAY and wife, ELIZABETH RAY, in the amount of TWO THOUSAND FOUR HUNDRED-THIRTY-ONE and 54/100 ($2,431.54) DOLLARS, with interest thereon from the 1st day of January, 1966, and attorney's fees in the amount of SEVEN HUNDRED-FIFTY AND NO/100 ($750.00) DOLLARS, for all of which, let execution issue.

Further, Cross-Plaintiff, B. C. McCLELLAND, JR., doing business as HOME BUILDING SUPPLY COMPANY, shall take NOTHING against Plaintiffs, WILLIAM E. STEEN, BILLY J. GRISWOLD and SHACARAN DEVELOPMENT COMPANY.

Defendant will be called appellant.

■ Appellant, in his first point of error, contends "there was no evidence and insufficient evidence to hold said premises to be homestead."

Appellant, in his brief, admits that David Ray and wife, Elizabeth Ray, owned the land in controversy; that after appellant had furnished materials in August and September of 1965 that were not paid for by the Rays, "the David Rays traded the property to William E. Steen and Billy J. Griswold and divested themselves of ownership and title."

In April of 1965, the Rays lived in Houston, Texas, renting a place to live. They had three children. Shortly after the Rays acquired ownership of this land in April of 1965, they started clearing out the brush and timber on the property in question, which they "planned to keep it and make it our home." Then they employed a carpenter, Ralph Yeager, to build a home thereon, with the lumber and materials being purchased from appellant, but with no Mechanic's and Materialman's Lien in writing of any kind being executed by such owners. In August or September of 1965, the Rays moved in the uncompleted house with their furniture, claiming the property as their homestead. They had no other homestead. They lived in this home until the middle of January, 1966, when, because of Ray's injuries, Mrs. Ray and the children were at the place alone, and for that reason they moved, but intended to return. They never acquired another homestead. On April 7, 1966, appellant made affidavit, which was filed for record, claiming a lien upon said property for the value of materials furnished by appellant to the Rays in August and September, 1965, beginning with August 18, 1965, "under and by virtue of an oral contract between" appellant and the Rays.

■ Considering only the evidence most favorable to the court's finding, the no-evidence point is overruled. Considering all the evidence, including some not set forth hereinafter, the insufficient-evidence point is overruled.

Appellant's second point of error is:

The Trial Court erred in that even if the property were homestead, it was abandoned and the M & M Lien attached.

The property was impressed with the homestead character when the Rays left it, intending to return. They never acquired another homestead. Appellant did not prove abandonment of homestead in the trial court. At the time the Rays conveyed the property to Steen and Griswold, it was the Rays' homestead, unburdened by the lien claimed by defendant. Such purchasers acquired title to the property free of the debts owed by the Rays to defendant and the lien claimed by defendant. Johnson v. Echols, 21 S.W.2d 382, 384 (Tex.Civ.App.1929, error ref.). Appellant's second point of error is overruled.

Judgment of the trial court affirmed.