### CITY OF DALLAS v. HERMAN KRUEGEL.

No. 1041.　Decided November 7, 1901.

**Limitation—Injunction—Payment Under Protest.**

Limitation ran from date of payment, against the right to recover back money paid to a city upon street improvement assessments, where there was no agreement by the city to hold the money to abide the result of such suit, though it was paid under protest, on a disputed claim, against the enforcement of which an injunction suit by the party so paying, afterward successful, was pending at the time of the payment. (Pp. 44-46.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Kruegel sued the city to recover debt and forclose vendor's lien, and obtained a judgment, which was affirmed on appeal. The appellant, the city, then obtained writ of error.

*W. T. Henry* and *James J. Collins,* for plaintiff in error. The Court of Civil Appeals erred in holding that the collection of the local assessments or special paving taxes, involved in this suit, by the city

of Dallas was not a voluntary payment by appellee Herman Kruegel. Galveston City Co. v. Galveston, 56 Texas, 486; Galveston Gas Co. v. Galveston, 54 Texas, 287; Railroad v. Commissioners, 98 U. S., 541; Peebles v. Pittsburg, 47 Am. Rep., 714; Detroit v. Martin, 22 Am. Rep., 512.

The Court of Civil Appeals erred in holding, even if the payment was involuntary, that the cause of action of appellees was not barred by the statute of four years limitation at the time of the institution of their suit. Stanley v. Schwalby, 85 Texas, 353; Machine Works v. Reigor, 64 Texas, 89.

*M. L. Robinson* and *Frank Reeves,* for defendant in error.—The Court of Civil Appeals did not err in holding that the collection of the special paving taxes, involved in this suit, by the city of Dallas was not a voluntary payment by appellee Herman Kruegel. Galveston Gas Co. v. Galveston, 54 Texas, 287; Galveston v. Gorham, 49 Texas, 301; Galveston City Co. v. Galveston, 56 Texas, 486.

The issue involved herein is not the right of a taxpayer to recover taxes illegally paid, but of a vendor of real estate to recover from his vendee unpaid purchase money.

The Court of Civil Appeals did not err in holding that appellee's cause of action was not barred by limitation. Leake v. City of Cleburne, 36 S. W. Rep., 97; West v. El Campo Land Co., 32 S. W. Rep., 424; Bexar B. & L. A. v. Newman, 25 S. W. Rep., 461.

WILLIAMS, ASSOCIATE JUSTICE.—This action was brought by defendant in error to recover of the plaintiff in error the sum of $661.99, and to foreclose a vender's lien on real estate sold by plaintiff to the city, plaintiff claiming that the sum sued for was a part of the purchase money of the property unpaid.

Plaintiff recovered judgment in the District Court which was affirmed by the Court of Civil Appeals. The writ of error was granted because this court was of the opinion that the courts below erred in not sustaining the city's plea of limitations.

The evidence showed that the city agreed to purchase the property from Kruegel, conveying to him another piece of property and paying him $8000 in cash. An abstract of his title was furnished by Kruegel, which was referred by the city to its attorney for examination. The attorney reported that there were incumbrances upon the property, among which were taxes, including two amounts claimed by the city of $539.99 and $122 for street improvements, the first amount upon the property sold and the last upon other property. Before this transaction Kruegel and other parties had obtained an injunction restraining the city from selling their property to pay these charges, claiming that they were illegal, and this suit was pending.

According to Kruegel's evidence, which must be taken as true, deeds were exchanged and several payments of money were made, when the

officers of the city, before making the final payment, demanded the satisfaction of the sums due for the street improvements and other claims, and insisted upon deducting them from the purchase money. Kruegel objected to the payment of the two sums named, but the officers refused to settle unless it was done. Kruegel asked if he could not pay under protest, and was told that he could do so, and then received receipts, showing payments of the assessments and the balance of the purchase money less these amounts. The receipts for the assesments stated that the money was paid under protest.

All of this took place more than four years before this suit was brought. Thereafter the injunction suit was tried and a judgment of the District Court was rendered requiring Kruegel and the other plaintiffs to pay, upon the assessments, sums fixed by the judgment as a condition of having sales of their property enjoined. This judgment, upon their appeal, was reversed by the Court of Civil Appeals and the sale of the property, for the assessments claimed, or for any cost or tax that might be assessed under the proceedings, was enjoined unconditionally. This was within two years before the present action was begun.

We shall not enter upon the question whether or not plaintiff had a cause of action to recover the money which he left in the hands of the city, after the settlement. If he had such cause of action, we think it quite clear that it accrued at once, and hence was barred when he brought his suit. All of the facts out of which it grew had then transpired, and, in order to postpone its assertion, the transaction must admit of the construction that the city agreed, expressly or by implication, to hold the money subject to the result of the injunction suit. Nothing of the kind is shown, but the evidence makes it plain that it did not exist. The plaintiff does not testify that there was such an understanding, and the officers of the city state that their demand for the payment of the assessments out of the purchase money was absolute and unconditional. This the evidence of plaintiff admits. The only additional circumstance is the inquiry of plaintiff whether or not he could pay under protest and the reply that he could do so. This only affected the question as to whether or not the payment was voluntary, and it had no effect towards postponement of the right to sue. Certainly if plaintiff had sued at once the city could not have defeated him, with these facts, under a plea that his cause of action had not accrued, or was postponed until the injunction suit was terminated.

The subsequent prosecution of that suit was the act of plaintiff and his coplaintiffs therein. It did not alter the facts characterizing the sale of the property and the settlement therefor. The plaintiff could have tried the validity of the assessments as well in a suit to recover the money as in the injunction case, with the difference that in the one case he would have sought to recover the money paid in.

such a way as to interrupt limitations, while in the other he was seeking no such relief.

The judgments of the District Court and the Court of Civil Appeals will be reversed, and judgment here rendered in favor of the city.

*Reversed and rendered.*