STONE v. ROBINSON et al.  (No. 1586.)

(Court of Civil Appeals of Texas. Amarillo.
Jan. 7, 1920. Rehearing Denied
Feb. 4, 1920.)

1. VENDOR AND PURCHASER ⬤⟿306—ILLEGAL-
ITY OF VENDOR'S LIEN CONTRACT MAY BE
RELIED ON BY PURCHASER.

In a suit on vendor's lien notes, the pur-
chaser of land can interpose as a defense the
illegality of the contract, by which the equita-
ble title was conveyed to him and the lien re-
tained, to defeat recovery on the lien notes.

2. ELECTION OF REMEDIES ⬤⟿12—AFTER RE-
PUDIATION OF LIABILITY BY DEFENDANT
PLAINTIFF MAY AGAIN ELECT.

Where plaintiff has two inconsistent reme-
dies under a contract and elects to pursue
one, of them, but defendant repudiates his lia-
bility by pleading the statute of limitation or
by similar plea, plaintiff may again elect and
resort to his other remedy.

3. VENDOR AND PURCHASER ⬤⟿301—VENDOR
UNDER EXECUTORY CONTRACT MAY SUE EI-
THER FOR LAND OR PRICE.

The vendor in an executory contract for
the sale of land can, on purchaser's default,
either sue for the land or for the purchase
money, and the better practice is to unite his
causes of action, pleading and praying in the
alternative.

4. ADVERSE POSSESSION ⬤⟿72—THREE YEARS'
STATUTE DOES NOT APPLY TO SUIT ON VEN-
DOR'S LIEN NOTES.

The three years' statute of limitations bar-
ring suits against one who had title from
sovereign does not bar an action against pur-
chaser under an executory contract of sale by
the holder of the vendor's lien.

5. ADVERSE POSSESSION ⬤⟿63(7)—FIVE YEARS'
STATUTE NOT APPLICABLE TO SUIT ON VEN-
DOR'S LIEN NOTES UNTIL ADVERSE CLAIM
MADE.

The five years' statute of limitations bar-
ring suits to recover land does not begin to
run against a suit on the vendor's lien until
the purchaser asserts a claim to the land
hostile to the lien.

6. LIMITATION OF ACTIONS ⬤⟿105(2)—VEN-
DOR AND 'PURCHASER ⬤⟿299(1)—STATUTE
LIMITING RECOVERY ON LIEN NOTES IS NOT
SUSPENDED BY SUIT TO RECOVER LAND.

The running of Vernon's Sayles' Ann. Civ.
St. 1914, art. 5694, barring right to recover
real estate by virtue of a superior title re-
tained in a conveyance after four years from
the maturity of the note, against vendor's suit
to recover the land, is not suspended by a suit
by the vendor to recover the amount of the
notes, and precludes recovery of the land by
suit brought more than four years after matu-
rity of the notes, though recovery on the notes
was denied because of illegality of the con-
tract.

Appeal from District Court, Lubbock Coun-
ty; W. R. Spencer, Judge.

Suit in trespass to try title by J. B. Stone
against Jim Robinson, Jr., and others. Judg-
ment for defendants, and plaintiff appeals.
Affirmed.

Bean & Klett, of Lubbock, for appellant.
Percy Spencer, of Lubbock, for appellees.

HALL, J. Appellant, J. B. Stone, plaintiff
below, filed suit June 21, 1918, in form of
trespass to try title, being cause No. 1188, in
the district court of Lubbock county, against
appellees, Jim Robinson, Jr., and James Scott
and wife, for the recovery of 40 acres of land
adjoining the town of Lubbock. The court
directed a verdict for the defendants, and
judgment was entered accordingly. Plain-
tiff's petition is in the usual form of tres-
pass to try title. Appellees answered jointly,
by general demurrer, plea of not guilty; that
plaintiff had previously elected his remedy;
res judicata; and the statutes of limitations
of three, four, and five years. The substance
of the answer is that on April 25, 1914, plain-
tiff Stone filed his suit No. 834 on the docket
of the district court of Lubbock county,
against the appellees and other defendants,
alleging that the plaintiff in said cause No.
834 had pleaded that on September 9, 1909,
the defendant therein, Jim Robinson, Jr., ex-
ecuted and delivered to the plaintiff two
vendors' lien notes of even date therewith,
for the sum of $3,500 each, payable to the
order of plaintiff in one and two years after
date, respectively, with 8 per cent. interest
and 10 per cent. attorney's fees; that
said notes were given in part payment for
the 40 acres of land in controversy; that
the vendor's lien was expressly reserved in
the deed conveying said land from the plain-
tiff and wife to the defendant Jim Robinson,
Jr.; that at the time of the execution of the
deed plaintiff gave one W. S. Posey a power
of attorney to execute the release of the lien
on lots to be sold, upon payment of $30 per
lot (with the exception of plaintiff's residence
lots over which the controversy arose); that
after said conveyance the land was plotted
into what is known as Robinson's addition;
that the transaction of September 9, 1909,
was a lottery scheme and could not be af-
firmed by the parties or enforced in the
courts; that such defense was clearly made
by them upon the trial of cause No. 834, and
sustained, the plaintiff being denied the right
to enforce his contract and a foreclosure of
the vendor's lien; that in said cause No.
834 plaintiff had elected his remedy, and the
cause of action herein was res judicata. The
answer further set up the statutes of limita-
tions of three, four, and five years.

By way of supplemental petition, plaintiff
denied the allegations contained in the an-
swer and specially alleged that it was true
that he had in said cause No. 834 attempted
to obtain the foreclosure of the vendor's lien,
but was denied an affirmance of the contract

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of September 9, 1909, and prevented from pursuing said remedy and obtaining judgment prayed for in that suit; that the transaction of September 9, 1909, set up by the defendants, was an executory contract, made by the parties thereto in furtherance of a lottery scheme; that the appellees are claiming under and by virtue of said contract, which is contrary to public policy and good morals and should not be enforced in favor of appellees; that whatever claim the defendants herein have to said land accrued subject to the transactions stated and in subordination to the superior right and title of plaintiff; that on or about January 2, 1915, the appellees admitted in writing that the plaintiff's debt was just, due, and unpaid, and then and there induced the plaintiff to believe their claims were subordinate to plaintiff's right and title; that up to the time of the filing of defendants' answer on December 30, 1918, in said cause .834, the defendants repeatedly recognized the superior right and title of the plaintiff; that not until then did the defendants give notice of their adverse possession or assert title hostile to plaintiff; that plaintiff relied on the conduct of the defendants, and, if he had known that they were repudiating his superior right and title, suit would have been filed before his cause of action was barred; that it would be unjust for defendants to acquire said land which is of the value of $8,500 without paying therefor; that the statutes of limitations were suspended by the conduct of defendants, and they are estopped to plead title by limitations.

In cause No. 834 plaintiff recovered judgment for the amount of his notes foreclosing the vendor's lien upon all of the land except that portion upon which James Scott's residence was located. That judgment was reversed by this court, in which it was held that the trial court erred in said cause No. 834, in its construction of the power of attorney. Upon another trial appellees herein amended their original answer, November 30, 1914, alleging for the first time that the transaction of September 9, 1909, was a lottery and not enforceable, and that said power of attorney provided for the release of lots on the payment of $30 each, and was made in furtherance of the lottery scheme. Upon a second trial, the court rendered judgment July 3, 1917, refusing to enforce the executory contract of September 9, 1909, and denying the plaintiff a foreclosure of the vendor's lien or a recovery on said notes. From this judgment a second appeal was prosecuted and the judgment affirmed in this court. Thereafter this suit was instituted to recover the land. Upon the trial it was admitted that plaintiff Stone acquired title from and under the sovereignty of the soil to the 40 acres of land in controversy. The defendants introduced in evidence: (1) A deed from J. B. Stone and wife to Jim Robinson, Jr., dated September 9, 1909, conveying the 40 acres in controversy and retaining the vendor's lien to secure payment of the two purchase-money notes of $3,500 each; (2) a plot of the Robinson addition to the town of Lubbock, showing the subdivision into lots and blocks of the 40 acres in controversy; (3) power of attorney from J. B. Stone to W. S. Posey, dated September 9, 1909; (4) deed from Jim Robinson, Jr., to Lizzie Sanders, conveying the property on which the James Scott residence is located; (5) deed from Lizzie Sanders and husband to James Scott, conveying the property on which the Scott residence is located.

The appellant attacks the action of the court in directing a verdict upon a number of grounds, which, under the view we have of the case, it will not be necessary for us to consider. He insists that, his action being in the form of trespass to try title, it was only necessary for him to show title in himself from the sovereignty of the soil. If the trial had ended with the introduction of mesne conveyances, showing title in him from the state, this contention would be correct. His former suit was an effort to collect the amount of the notes and to foreclose his vendor's lien. Stone v. Robinson, 203 S. W. 1132. Having been defeated in this effort by appellees' plea and proof, showing an illegal contract, this action was filed to recover the land, upon the theory that the contract of September 9, 1909, was an executory contract, under which the superior title remained in him.

[1] While it is true that under that contract appellant retained the superior title, this fact does not preclude appellee from interposing in this suit as a defense the illegality of the contract which conveyed to him the equitable title. While we think the proof of illegality in the contract of September 9, 1909, is a defense to appellant's suit, we do not find it necessary to base the disposition of this appeal upon that issue. In Hall v. Edwards, 194 S. W. 674, this court considered the question of the right of a vendee to set up the illegality of a contract, and held that such a defense was available against the vendor's effort to recover the land. While the Supreme Court has granted a writ of error, we are not prepared to recede from our holding in that case.

[2] We do not agree with appellees' contention that in the former suit, in which appellant sought to recover upon the notes, he elected his remedy and is bound by such election and cannot therefore maintain this suit. Where a plaintiff has two inconsistent remedies under a contract and elects to pursue one of them, in which suit the defendant repudiates his liability, by pleading the statute of limitation or other like plea, the plaintiff may again exercise his right of election and resort to his other remedy.

[3, 4] The doctrine is well established in

this state that the vendor in an executory contract of sale has, upon default of the vendee, the right to sue for either the land or the purchase money, and, as suggested in several opinions by the Supreme Court, the better practice is to unite his causes of action, pleading and praying in the alternative. In this litigation appellant elected to pursue his remedies by separate actions, and appellee insists that his right to resort to the remedy here and now pursued is barred by the statutes of three, four, and five years. It has been held by the Supreme Court, in Burnham v. Hardy Oil Co., 108 Tex. 555, 195 S. W. 1142, that the three years' statute of limitation does not apply to cases of this character. This point was discussed by Boyce, Justice, referring to the Burnham Case, in St. Louis Union Trust Co. v. Harbaugh, 205 S. W. 497. We deem further discussion of the application of the statute unnecessary in this connection.

[5, 6] There was no assertion of adverse ownership on the part of appellee in this case prior to the time he filed his answer, November 30, 1914, setting up the illegality of the contract in the former suit. While there are some allegations in appellee's answer upon which the case was tried, the first time, denying that appellant had any lien upon the property in question (Stone v. Robinson, 180 S. W. 135), these allegations are merely conclusions of the pleader, drawn from the facts alleged, showing appellant's duty to release the lien under the contract. As stated, the first hostile assertion of title is found in appellee's answer, filed in the trial court after the case was reversed the first time, in which the illegality of the contract it set up. For this reason the five years' statute cannot apply. We think, however, Vernon's Sayles' Civil Statutes, art. 5694, is clearly applicable to the facts shown in the record, and that under the provisions of that article appellant's right to recover herein is barred. R. B. Godley Lbr. Co. v. C. C. Slaughter, 202 S. W. 801; Adams v. Harris, 190 S. W. 245. The provisions of the article applicable here are that the right to recover any real estate, by virtue of a superior title retained in any deed of conveyance, shall be barred after the expiration of four years from the maturity of the note or notes evidencing such indebtedness, and that, if suit is not brought for the recovery of such real estate within four years from the date of the maturity of such indebtedness, by the vendor, the purchase money thereof shall be conclusively presumed to have been paid. It was shown that the notes evidencing the indebtedness arising under the contract of September 9, 1909, matured September 9, 1910, and 1911, respectively. This suit was filed June 21, 1918. As stated above, under the well-recognized rule of practice in this state, appellant might have sued to recover the land in the alternative in the first action filed by him, but having exercised his option to pursue his remedies by separate actions, and having sued to recover the land more than four years after the last note matured, his last action is barred by the above-named statute. The running of the statute was not suspended by the first suit. City of Dallas v. Kruegel, 95 Tex. 43, 64 S. W. 922; Browning v. Pumphrey, 81 Tex. 163, 16 S. W. 870; Windom v. Howard, 26 S. W. 175; Bowen v. Kirkland, 17 Tex. Civ. App. 346, 44 S. W. 189; Duke v. Reed, 64 Tex. 705.

For the reasons stated, the judgment is affirmed.

