WILLIAM JACKSON v. J. K. P. BRADSHAW ET AL.

Decided May 24, 1900.

1. **Vendor's Lien—Homestead—Pleading.**

In an action to foreclose a vendor's lien, a plea by the defendant setting up merely that the land is his homestead, but stating no facts showing the discharge of the lien, is insufficient.

2. **Same—Renewal of Note After It Is Barred—Homestead Right of Wife.**

A purchaser of land subject to a vendor's lien may, in the absence of fraud on the rights of his wife, renew notes given for the purchase money of the homestead, even after they are barred by limitation in the hands of an assignee thereof.

3. **Same—Superior Title Could be Asserted by Assignee.**

The assignee of a vendor's lien note, though it become barred by limitation, may, by obtaining from the original vendor of the land and payee of the note a transfer of the superior title, recover the land itself.

APPEAL from Gregg. Tried below before Hon. J. G. RUSSELL.

*F. B. Martin*, for appellant.

*Young & Stinchcomb,* for appellees.

GARRETT, CHIEF JUSTICE.—This action was brought by the appellees as the heirs of N. G. Bradshaw against the appellant, William Jackson, to recover upon a promissory note and foreclose a lien upon land for the purchase money thereof. The note sued upon is dated October 16, 1893, and is payable to N. G. Bradshaw, or bearer, on or before November 1, 1897. It is for the sum of $600, and bears interest at the rate of 10 per cent per annum from January 1, 1894. It recites that it "is given for land known as the Dr. Browder place, and also as block No. 2." This note was given for the balance due upon, and in renewal of, a note for the sum of $437.34, executed October 1, 1883, by the said William Jackson to J. C. Crockett and Callie Crockett, or bearer, payable one day after date, with 10 per cent interest from date, reciting that it was "given in part payment for a certain tract or two parcels of land this day deeded to me by J. C. Crockett and Callie Crockett, and vendor's lien is hereby retained on said land to secure the payment of the note." This original note was renewed by the said William Jackson by indorsement thereon in writing January 6, 1888.

The deed from J. C. Crockett and Callie Crockett to William Jackson is a warranty deed, dated October 1, 1883, and conveys the land described in the petition. It reserves a vendor's lien to secure the payment of the note. N. G. Bradshaw, the payee of the note sued on, was the widow of J. A. Bradshaw, who became the legal owner and holder of the original vendor's lien note in due course of trade. The note sued on was executed in substitution and renewal of the original vendor's lien note, which was given up and surrendered to William Jackson by the said N. G. Bradshaw. At the time of the execution of the renewal note the defendant, William Jackson, was a married man and occupied with his family the land described in the petition, as a homestead, the same being known as block No. 2 of the partition of a 425-acre survey comprising two tracts, one of 67 acres and the other 40 acres. Among other pleas, the defendant pleaded limitation and homestead. Judgment was rendered against him in the court below for the amount of the note, with foreclosure of lien upon the land.

At the time the renewal note was executed the original note for the purchase money had become barred by limitation; and the contention of the appellant now is that, having been transferred by the vendors to a third party, and having become barred by limitation, the original note could not be renewed so as to defeat the homestead right of the appellant which had attached to the land subject to the discharge of the purchase money. In setting out their cause of action the plaintiffs first charged the execution of the note for $600, and alleged the liability of the defendant therefor. They then alleged the conveyance of the land by the Crocketts to defendant, and the execution of note for $437.34 in consideration therefor, its transfer, and the execution of

the note sued on in renewal thereof, and prayed for a foreclosure of their lien.

Answering, the defendant, after pleading non est factum as to the note sued on, and payment of the original note before the date of the note sued on, pleaded also as follows: "Third. Defendant says the land as described in the plaintiffs' petition is and was the homestead of the defendant, the defendant being a married man, and says that the same is subject to no lien of any kind whatever, and defendant says that he has no other homestead; wherefore he prays the judgment of the court. Fourth. Says that if the plaintiffs ever had any right of action against him since October 1, 1893 (1883), which the defendant denies, says that it would be a stale demand, and barred by the statute of limitations of one, two, three, four, five, and ten years, which the defendant specially pleads," etc.

The answer is insufficient to present the defense relied on. The fact that the land is and was the homestead of the defendant would not defeat the lien for the purchase money without other facts to show that the lien had been in some way discharged. Neither does the plea of limitation to the cause of action set up an intervention of the homestead right against the renewal note. But, if sufficiently pleaded, the defense is not available. When a vendor's lien note has been transferred by the vendor to a third party, and has become barred by the statute of limitations, and limitation is pleaded in a suit thereon against the maker, the right of action is gone. Stephens' Heirs v. Matthews, 69· Texas, 341; Trust Co. v. Beckley, 93 Texas, 267. The assignee of the note can not defeat the plea of limitation. He has no right to cancel the contract of sale, or to recover the land in default of payment of the purchase money. Yet after the note has been barred by limitation, the original vendor may assign his superior legal title to the holder of the note, who, as assignee of the note and the legal title, may, in case the statute of limitation has been pleaded, recover the land in like manner as the vendor could in case he retained the notes. White v. Cole, 87 Texas, 500. A vendor's lien will be preserved by a renewal of the obligation given for the purchase money, and the obligation may be renewed either by indorsement thereon in writing acknowledging the justness of the debt, or by the execution of a new obligation in place thereof for such balance as may be due. Moran v. Wheeler, 26 S. W. Rep., 297. The appellant having renewed the original purchase money note by giving the one sued on, he can not defeat the enforcement thereof as a vendor's lien against the land, unless, in the assertion of a homestead right in the land, he should be held to occupy the position of a junior incumbrancer or purchaser from the vendee without obligation to pay the debt, who, in such case, may avail himself of the statute of limitations to defeat the original debt, as he might have done as the maker of the note. It seems clear that as to his own right, disconnected from that of his wife, he might waive the plea of limitation. His wife is not a party to the suit; but, even

if she should not be held a necessary party to authorize the plea, her right may be concluded by the act of the husband in renewing the note.   The husband, if he acts without fraud upon the rights of the wife, has power to adjust equities against the homestead, and may even convey it in order to satisfy a claim against it for the purchase money. Morris v. Giesecke, 60 Texas, 635.   There is nothing in the facts of this case to show that the husband acted in fraud of the rights of the wife, or even to suggest that he did so.   His reasons for renewing the note are not disclosed by the record.   He may have done so from a sense of his moral obligation to pay for the land, or from compulsion from the fact that the holder of the note might have obtained a conveyance of the superior title from the vendor of the land.   His right to renew is not questioned by any fact in the record.   We think the judgment of the court below in enforcing the vendor's lien against the land was correct, and it will be affirmed.

*Affirmed.*

Writ of error refused.