## TIBURCIO MOLINO v. EULALIO BENAVIDES ET AL.

### Application No. 2911. Decided February 25, 1901.

**1. Jurisdiction of Supreme Court—Overruling Cases.**

To give the Supreme Court jurisdiction over a reversed and remanded cause on the ground that the decision conflicts with previous rulings of that court, it is not sufficient that it merely conflicts with a proposition announced in the previous case; if such proposition was not the very point there determined the later decision does not overrule it. (P. 414.)

**2. Same—Trespass to Try Title—Limitation.**

The previous decisions in Curlin v. Hendricks, 35 Texas, 225, and Mayers v. Paxton, 78 Texas, 196, are not overruled by the holding of the Court of Civil Appeals in this case that in an action of trespass to try title in the statutory form the plaintiff may establish title by limitation without specially pleading the facts requisite to show such title, though a contrary proposition was announced in the latter case. (P. 414.)

**3. Supreme Court—Jurisdiction—Settling Case.**

The Supreme Court can not be given jurisdiction over a case reversed and remanded upon a claim that the ruling practically settles the case, where further evidence was necessary to determine the extent to which plaintiffs were entitled to recover under the ruling made; defendant could not obtain the writ of error by alleging that plaintiffs could not produce further evidence. (Pp. 414, 415.)

**4. Trespass to Try Title—Pleading—Limitation.**

It is intimated, though not decided, that plaintiff in trespass to try title must plead specially in order to recover on a title acquired by adverse possession. (P. 415.)

APPLICATION for writ of error to the Court of Civil Appeals for the Fourth District, in an appeal from Webb County.

Eulalio Benavides and others sued Tiburcio Molino in trespass to try title and defendant had judgment. Plaintiffs appealed and the judgment was reversed and remanded, whereupon appellee sought to obtain writ of error.

*E. A. Atlee,* for petitioner.

GAINES, CHIEF JUSTICE.—This suit was brought by Eulalio Benavides and Celedonia Charo de Jaurez, joined by her husband, to recover of Tiburcio Molino a tract of land. The petition was in the statutory form of an action of trespass to try title. The trial court rendered judgment for the defendant. Upon appeal, the judgment was reversed and the cause remanded.

The applicant for the writ seeks to show jurisdiction in this court

by two averments: (1) that the decision of the Court of Civil Appeals overrules the decisions of this court in the case of Curlin v. Hendricks, 35 Texas, 225, and in that of Mayers v. Paxton, 78 Texas, 196; and (2) that the decision of the Court of Civil Appeals "practically settles the case."

1. The Court of Civil Appeals held in their opinion that where the petition in an action of trespass to try title is in the statutory form, the plaintiff may establish title by limitation without specially pleading the facts requisite to show such title. In Curlin v. Hendricks, the court seem to hold that in that case the plaintiff could not insist upon title by limitation because he had not pleaded the statute. But in that case, as appears by the report of the case in 30 Texas, 296, which is referred to in the report of the case upon the latter appeal (35 Texas, 226) for a statement of the pleadings, the plaintiffs there specially pleaded their title and failed to plead limitation. It is well settled that, except as to title by limitation, where the plaintiff elects to plead his title specially, he is confined to the proof of the title so pleaded. It is therefore clear that the point decided by the Court of Civil Appeals in this case was not the point decided in that case. In Mayers v. Paxton, the plaintiff pleaded title in the statutory form and also specially pleaded title by limitation; and it was held that the plaintiff was not restricted to the proof of the title so specially pleaded. It is obvious that this decision is not in conflict with and is not overruled by the decision of the Court of Civil Appeals in the case before us. But in reaching the conclusion in Mayers v. Paxton, it was announced that "limitation, when relied upon either as a ground of action or of defense, must be specially pleaded," etc. The decision of the Court of Civil Appeals is in conflict with the principle so announced, but that is not sufficient to give us jurisdiction. Bassett v. Sherrod, 90 Texas, 32; Insurance Co. v. Roberts, 90 Texas, 78. Within the meaning of the statute which defines the jurisdiction of this court, a decision of the Court of Civil Appeals which merely conflicts with a proposition announced by this court in deciding another case,— such proposition not being the very point determined in the case,—does not "overrule a decision" of this court.

2. Nor do we think that the decision of the Court of Civil Appeals "practically settles the case." That court held that the plaintiffs below showed title from the sovereignty of the soil to an undivided half of the whole tract of land and, under the evidence, they were entitled, by virtue of the statute of limitations, to recover the other undivided half or some part of it; and for the express reason that the evidence did not disclose that part, they declined to render judgment in favor of appellants and remanded the cause. When a writ of error is granted on the ground that the decision of the Court of Civil Appeals practically settles the case, it becomes our duty, in case we concur in the opinion of that court, to render the judgment for the defendant in error. It is evident that if the testimony does not afford the data upon which the Court of Civil Appeals could render judgment, we

can not render it here. But again, the Court of Civil Appeals have determined that the judgment of the trial court, which denied the plaintiffs any recovery, is erroneous, but that the full extent of their right of recovery is not shown by the evidence, and have remanded the cause in order to enable the plaintiffs to show definitely their right. Such being the case, we think it clear that it is not for the applicants for the writ of error to say that the adverse parties can not produce any additional evidence in support of their title.

Our conclusion is that the petition for the writ of error does not show jurisdiction in this court. Since we have no jurisdiction of the case, it is not competent for us to decide whether the ruling of the Court of Civil Appeals upon the question of pleading is correct or not; but we think it proper to say that we are not inclined to recede from the rule announced in Mayers v. Paxton as to a necessity of pleading specially the statute of limitations where the plaintiff in an action of trespass to try title seeks to recover upon a title acquired by adverse possession.

For the reason that in our opinion we have no jurisdiction of the case, the application for the writ of error is dismissed.

*Dismissed.*