### AMONETTE et ux. v. TAYLOR et al.*
#### (No. 8229.)

(Court of Civil Appeals of Texas. Galveston. June 29, 1922. Rehearing Denied Oct. 5, 1922.)

**1. Appeal and error ☞573—Agreed statement of facts, not approved by court, not considered.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2068, providing for the approval by the court of a statement of facts agreed on by the parties, a statement of facts not so approved is void, and will not be considered; the absence of the court's approval not constituting a mere formal defect, which could be waived by appellee's failure to object thereto within the time prescribed by Courts of Civil Appeals Rules, No. 8 (142 S. W. xi).

**2. Appeal and error ☞907(3)—Failure to sustain plea of limitations not considered, in absence of statement of facts.**

In the absence of a statement of facts, the failure of the trial court to sustain a plea of limitations cannot be considered; the presumption in support of the judgment being that the evidence was not sufficient to sustain the plea.

**3. Limitation of actions ☞143(6)—Maker's execution of deed conveying land subject to note secured by deed of trust held acknowledgment extending limitations.**

The execution, by the maker of a note secured by deed of trust on certain land, of a deed to·a third party, conveying the land subject to the note so secured, after expiration of the period of limitations for foreclosure of the deed of trust, held an acknowledgment of the debt extending the period under Vernon's Sayles' Ann. Civ. St. 1914, art. 5705, notwithstanding article 5695, requiring renewals of liens on land to be recorded; such statute not

being applicable to renewals of liens as between the parties, in view of articles 5693, 5702.

Graves, J., dissenting in part.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Action by J. F. Amonette and wife against Paul G. Taylor and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

A. B. Wilson and L. A. Kottwitz, both of Houston, for appellants.

Hunt & Teagle, of Houston, for appellees.

PLEASANTS, C. J. This is an action of trespass to try title, brought by appellants against the appellees, Paul Taylor and Mrs. N. T. Carlisle, a feme sole, to recover title and possession of a tract of 160 acres of land in Harris county, fully described in the petition.

In her first amended answer and cross-bill, the defendant Mrs. Carlisle, after a general demurrer, general denial, and plea of not guilty, alleged that on March 15, 1916, H. A. Amonette (who is made a party defendant in said cross-bill) executed his promissory note for the sum of $2,000, payable to her on December 2, 1916, with interest from date at the rate of 10 per cent. per annum, and containing the usual stipulation for 10 per cent. attorney's fees, and to secure said note executed and delivered to defendant Paul Taylor a deed of trust upon the 160 acres of land described in plaintiffs' petition. She then declares upon the note and asks recovery against H. A. Amonette for the principal, interest, and attorney's fees, as stipulated in the note, and foreclosure against plaintiffs and said H. A. Amonette of her deed of trust upon the land in controversy.

Plaintiffs filed a supplemental petition, in which they specially plead that the cause of action set up by defendant Mrs. N. T. Carlisle, wherein she claimed a deed of trust lien upon the 160-acre tract of land, was barred by the statute of limitation of four years, having matured more than four years before the institution of the cross-action, and further alleged that no renewal or extension of said lien had been obtained by defendant Mrs. Carlisle and placed of record, and that the lien asserted and claimed by her had expired.

Defendant Mrs. Carlisle, by her first supplemental answer, pleaded that the cross-defendant, H. A. Amonette, conveyed said tract of land June 5, 1917, to plaintiff Mrs. E. Z. Amonette, subject to the note of $2,000, and that the said conveyance was recorded, and was sufficient within the meaning of the statute, as a written acknowledgment of the indebtedness, to meet the requirements of the statute, and to renew the indebtedness, and lien. She also pleaded that the cross-defendant, H. A. Amonette,

was absent from the state of Texas during the greater part of the years 1918–1920; that he was in the service of the United States Army during the years of 1917–1918, and was in France or some other foreign country, beyond the jurisdiction of the United States or the state of Texas; that the United States government had enacted a law suspending all statutes of limitation and causes of action and the right to bring suit against any soldier or sailor, and that the Legislature of the state of Texas had enacted a law prohibiting suits and actions against soldiers and sailors who had been in the service of the United States in the war with Germany, and suspending all statutes of limitation until one year after their discharge from such service.

The suit was tried on the 23d day of June, 1921, without a jury, and the court rendered a judgment in favor of defendant Mrs. Carlisle for the amount of the note, interest, and attorney's fees, and foreclosed the lien upon the tract of land.

[1] Appellees object to our considering the statement of facts accompanying the record in this cause, because such purported statement of facts has no approval of the district judge indorsed thereon, and was never approved or signed by the judge. Attached to the statement of facts accompanying this record there is an agreement, signed by the attorneys for both parties, that the statement—

"is a full, true, and correct statement of all the facts admitted in evidence by the court upon the trial of this cause, and we further agree that this record shall be filed as the statement of facts in this cause."

This statement of facts proven on the trial is not approved nor signed by the trial judge. Article 2068, Vernon's Sayles' Civil Statutes, prescribes that after a statement of facts had been agreed upon and signed by the parties or their attorneys:

"It shall then be submitted to the judge, who shall, if he finds it correct, approve and sign it."

It has been uniformly held by our Supreme Court and Courts of Civil Appeals that the signature of the trial judge to the statement of facts in such a way as to indicate his approval of the statement is an absolute requirement of the statute, without which no statement of facts will or can properly be considered by the appellate court. The lack of this official approval is a defect in the statement itself, which destroys its validity and is not a mere formal defect in the manner in which the statement is prepared and presented to the appellate court, and which could be waived by failure of the appellee to object thereto within the time prescribed by rule 8 for the Courts of Civil Appeals (142

.S. W. xi). Johnson v. Blount, 48 Tex. 38; Rains v. Wheeler, 76 Tex. 390, 13 S. W. 324; Insurance Co. v. Railway Co., 102 Tex. 307, 116 S. W. 46; Railway Co. v. Perkins (Tex. Civ. App.) 73 S. W. 1067; Railway Co. v. Looney, 42 Tex. Civ. App. 234, 95 S. W. 691.

[2] The only assignments of error presented in appellants' brief complain of the failure of the trial court to sustain plaintiffs' pleas of limitation against appellee's suit to foreclose her lien on the land, and it is apparent that in the absence of a statement of facts none of these assignments can be sustained; the presumption being in support of the judgment that the evidence was not sufficient to sustain plaintiffs' plea of limitation. These conclusions require an affirmance of the judgment.

We are further of the opinion that the judgment should be affirmed, if we could consider the statement of facts brought up with the record. This statement discloses the following facts:

On March 15, 1916, H. A. Amonette, who then owned the 160 acres of land involved in this suit, executed a deed of trust thereon conveying the land to defendant Paul Taylor to secure a note of even date with the trust deed for the sum of $2,000, in favor of defendant Mrs. N. T. Carlisle, payable on the 2d day of December, 1916. This deed of trust was duly recorded in the mortgage records of Harris county. On June 5, 1917, H. A. Amonette conveyed the land to plaintiff, Mrs E. Z. Amonette, his mother. This deed, which was also duly recorded in the deed records of Harris county, recites a cash consideration of $6,200—

"and the further consideration that the grantee herein takes the herein described property subject to a note for two thousand dollars, dated March 15, 1916, fully described in deed of trust to Paul G. Taylor, trustee, of record in volume 135, page 318, of Mortgage Records of Harris county."

Mrs. Amonette and her husband, plaintiff J. F. Amonette, moved on the land in 1917, and since taking possession have continuously occupied the property as their homestead. H. A. Amonette left the state of Texas and was residing in the state of Pennsylvania during the summer and fall of 1917. Some time during the summer or fall of 1917 he enlisted in the United States army, served in France, and did not return to Texas until 90 days or more after the Armistice was declared in November, 1918. After plaintiffs moved on the land they paid appellee interest on the note for several years. This suit was filed on December 8, 1920. Appellee's answer and cross-bill, seeking foreclosure of her lien, was filed on January 11, 1921.

These facts show that appellee's debt and lien were both barred at the time she filed her cross-bill seeking foreclosure of her lien, unless the acknowledgment of the debt contained in the deed from H. A. Amonette to his mother was sufficient as a renewal of the note and lien, or unless the statute of limitation was suspended during H. A. Amonette's absence from the state and service in the army.

It is clear that the recital in the deed from H. A. Amonette to his mother, before set out, was a sufficient acknowledgment of the debt, unless the provisions of article 5705 of Vernon's Sayles' Civil Statutes take the case out of the operation of our statutes of limitation. The effect of this acknowledgment was to keep the debt alive for four years from the date of the acknowledgment, and by a long-established rule of decision in this state prior to the enactment of articles 5693 and 5695 of Vernon's Sayles' Civil Statutes, the lien was but an incident of the debt, and so long as the debt was alive the lien continued to exist.

Appellants contend that this rule of decision has been abrogated by the statute above cited as to liens created by a deed of trust upon land, and that unless an extension of such lien is executed and recorded in accordance with the provisions of article 5695 the lien becomes forever barred after the expiration of four years from the date of the maturity of the indebtedness as set forth in the deed of trust, and that the parties to the deed of trust cannot, as between themselves, keep the lien alive after the expiration of the four years without complying with the provisions of the statute mentioned. In support of this contention appellants cite the cases of Adams v. Harris (Tex. Civ. App.) 190 S. W. 245; McCracken v. Sullivan (Tex. Civ. App.) 221 S. W. 336; Stone v. Robinson (Tex. Civ. App.) 218 S. W. 5; and Henson v. Slaughter Co. (Tex. Civ. App.) 206 S. W. 375.

[3] The majority of this court cannot agree with the appellants in the contention that article 5695 of the statute is applicable to renewals of liens as between the parties. There is nothing in the caption of the original act, nor in its language as now embraced in the cited articles of the statute, which would require the construction that it was the intention of the Legislature in the enactment of the law to declare void as between the parties any renewal of a lien on land which is not recorded in accordance with the provisions of the act. No public benefit could be subserved by such a law. If parties can create a valid lien on land without putting it of record, no possible reason suggests itself to our minds for denying them the right to extend or renew a lien in the same way. We think the obvious purpose and intent of the statute was to protect subsequent purchasers of the land from unrecorded renewals or extension of liens, and not to unnecessarily hinder parties in their right to make contracts.

Appellants, having taken the title with the recital in their deed before set out, are in no better position to claim the invalidity of the renewal than is the original maker of the note. Justice GRAVES does not agree with the majority in this conclusion, and adheres to the views expressed in his dissenting opinion in the case of Templeman v. Kempner (Tex. Civ. App.) 223 S. W. 293.

Article 5702 of our Statutes provides that:

"If any person against whom there shall be cause of action shall be without the limits of this state at the time of the accruing of such action, or at any time during which the same might have been maintained, the person entitled to such action shall be at liberty to bring the same against such person after his return to the state, and the time of such person's absence shall not be accounted or taken as a part of the time limited, by any of the provisions of this title."

This article of the Statutes is found under title 87 of the Statutes upon the general subject of limitation, and articles 5693 and 5695, invoked by appellants, appear under the same title, article 5695, which requires the record of renewals of liens upon land, is an amendment of a former article in the same title of the Statutes, and by the well-established rule of construction the two articles, 5693 and 5702, must be construed together, and the article last enacted should not be construed as repealing the former, unless it does so expressly, or by necessary implication, and we do not think article 5695 should be so construed.

If the time that H. A. Amonette was absent from the state is not considered in computing the four years in which the suit should have been brought after the maturity of the note, the cause of action was not barred at the time appellees' cross-bill was filed. Huff v. Crawford, 88 Tex. 368, 30 S. W. 546, 31 S. W. 614, 53 Am. St. Rep. 763; Beale v. Johnson, 45 Tex. Civ. App. 119, 99 S. W. 1045; Falwell v. Hening, 78 Tex. 278, 14 S. W. 613.

If, as contended by appellants, the article of the Statutes requiring the record of extension of liens repeals, or is not affected by the other provisions of the general limitation statute tolling or suspending the running of the statute, then if the holder of a debt dies leaving a minor child without a guardian the minor would lose the right to recover if four years elapsed after maturity of the indebtedness before suit was brought. The same result would follow if the holder of the indebtedness became insane. We cannot believe that it was intended in the enactment of this statute to so change our laws as to make possible results of the kind above stated.

The judgment of the trial court is affirmed.

Affirmed.