## ROTH v. CARRELL et al.

### No. 2787.

Court of Civil Appeals of Texas. El Paso. Jan. 5, 1933.

Rehearing Denied Feb. 2, 1933.

Austin C. Hatchell, of Longview, and J. H. Synnott, of Dallas, for appellant.

Harry P. Lawther and H. B. Sanders, both of Dallas, for appellees.

HIGGINS, J.

This is an action for damages brought by the appellant, Miss Roth, against appellees, Drs. Carrell, Driver, and Girard.

The petition is voluminous, but the material facts disclosed thereby and pertinent to the question presented may be briefly stated as follows: The defendants are physicians and surgeons associated together as partners; plaintiff was afflicted with the physical deformity commonly known as "bow-legs"; defendants held themselves out as experts in the correction of such defects; plaintiff consulted them respecting the correction of her defect and they represented, warranted, and guaranteed they could correct same without permanent injury to her, and she engaged them so to do; they operated upon her by

breaking her left leg in three places below the knee and her right leg in four places below the knee; this operation failing to correct her defect, she consented to another operation in which it was proposed to break the left leg above the knee, and while she was upon the operating table and under the influence of anæsthetics they did break said leg; and, over the protest of her mother, who was present, also broke her right leg. Further allegations are made of negligent treatment by defendants and that she had been rendered a hopeless and permanent cripple as a result of such treatment.

Defendants filed demurrers, general and special, all of which were overruled except one to the effect that there was a misjoinder of causes of action in that the petition joined a cause of action for breach of warranty, which is ex contractu, and a cause of action for negligent acts of the defendants, which sounds in tort.

This demurrer was sustained, and the plaintiff declining to amend, her suit was dismissed.

■ In this state the practice is very liberal with respect to joinder of causes of action. Great latitude is allowed in uniting different demands in one suit. To the end that a multiplicity of suits be avoided, the courts of this state favor the joinder of all causes of action between the same parties, in the same right, and arising out of the same transaction. This rule applies though one of the causes of action is for breach of contract and the other sounds in tort.

The rule is thus stated in 1 Tex. Jur. title Actions, § 42: "While recognition is given to the general rule that a cause of action ex delicto and a cause of action ex contractu may not be joined in the same suit, under the liberal practice prevailing joinder of such causes is permitted if they have arisen out of the same transaction or if they relate to the same subject matter and are dependent mainly upon the same evidence. In other words causes arising in tort and in contract may be joined when they are so connected that they may be conveniently and appropriately litigated together." See, also, sections 31 to 41 of the same authority and the numerous cases cited in support of the text.

■ The petition in this case shows an action for damages based upon facts arising out of the same transaction. Though it shows the cause of action asserted arises both upon breach of contract and in tort, there is no good reason whatever why the relief to which the plaintiff is entitled may not be asserted in a single suit.

Under our liberal practice plaintiff clearly had the right to do so. The exception was erroneously sustained.

Reversed and remanded.