## HOELSCHER et ux. v. EHLINGER.
### No. 7818.

Court of Civil Appeals of Texas. Austin.
Feb. 10, 1933.

Theo W. Lueders, of La Grange, and Joseph V. Frnka, of Columbus, for appellants.

John P. Ehlinger, of La Grange, for appellee.

McCLENDON, Chief Justice.

In this suit Hoelscher and wife sought in a direct proceeding to set aside a judgment in favor of Ehlinger, which foreclosed a vendor's lien upon 50 acres of land, the homestead of appellants; and to cancel a sheriff's deed in favor of Ehlinger, executed under an order of sale under said judgment. The trial was to the court without a jury, and the judgment was in favor of Ehlinger. Hoelscher and wife have appealed.

■ The ground upon which the judgment was sought to be set aside was fraud on the part of Ehlinger in violating an agreement which prevented appellants from answering in the case, or bidding at the foreclosure sale. The asserted meritorious defense to the foreclosure suit was predicated upon allegations that the alleged vendor's lien was void.

No findings of fact or conclusions of law were requested or filed. If, therefore, the evidence was sufficient to support a finding either that there was no fraud or that the vendor's lien was valid, the trial court's judgment must be sustained. See Barton v. Mon-

tex Corporation (Tex. Civ. App.) 295 S. W. 950, and authorities there cited.

The foreclosure suit was filed September 10, 1928, and Hoelscher and wife were served with citation September 12, 1928, for the term of court beginning November 19, 1928. Judgment was rendered December 17, 1928, and the sheriff's sale was made on February 6, 1929. All of the proceedings are regular on their face, and no attack is made upon them in that regard. Hoelscher and wife testified that after they were served with citation, they went to see Ehlinger, who told them that it would not be necessary for them to appear in the case, that nothing would be done; and, relying upon this assurance, they did not employ attorneys or take other action in the case. They also testified that when they received the notice of the sheriff's sale, they had a similar conversation with Ehlinger and similar assurance. Ehlinger denied any such agreement or statement on his part with reference either to the court proceedings or to the sale. The evidence presents a clear conflict in testimony between appellants on the one hand and appellee on the other. There were circumstances strongly corroborating Ehlinger's testimony, but it is not necessary to set them out here. The evidence was manifestly sufficient to support a finding that there was no representation or statement made by Ehlinger which would warrant assumption on appellants' part that no judgment would be taken, or that the sale would not be made. The evidence is therefore abundantly sufficient to support the trial court's judgment on this issue.

The evidence is also sufficient to support the trial court's judgment on the issue of the validity of the vendor's lien. The controlling facts in that regard, briefly stated, follow: Hoelscher (then a single man—he married in 1914) purchased the land from his mother in 1910, giving in part payment a vendor's lien note for $875, dated November 7, 1910, and due one year after date. This note was later transferred to Ehlinger who held it until October, 1916, at which time the principal and interest due thereon was approximately $1,- 291. The note bore 8 per cent. interest. Mrs. Hoelscher had an uncle, Kulhanek, who agreed to carry the indebtedness at 7 per cent. He did not want to acquire the old note, but wanted a new note. Therefore, the transaction was arranged as follows: Hoelscher and wife conveyed the land to Kulhanek, who in turn reconveyed it to Hoelscher, reserving a vendor's lien to secure a note signed by Hoelscher and wife for $1,300. Kulhanek

gave Ehlinger his check for this amount, and Ehlinger paid the difference (about $9), in cash, to Hoelscher, and executed a release of the original vendor's lien note. Later Kulhanek sold and transferred the $1,300 note to Ehlinger, who held it until the foreclosure suit was brought. In the meantime there had been one or more extensions of the note by Hoelscher and wife.

Appellants make two contentions in support of their claim that the asserted vendor's lien was void:

1. It is urged that at the time of the transaction with Kulhanek the original vendor's lien note was barred, and the lien could not be revived because the property was homestead. This question was foreclosed by the decision in Hall v. Hix (Tex. Civ. App.) 297 S. W. 491 (error refused), wherein it was held that the husband has the power to extend a note secured by a vendor's lien upon the homestead as against the homestead rights of the wife. In the instant case the homestead was the separate property of the husband, and he and his wife joined in the deed to Kulhanek which was executed for the purpose of novating and extending the original vendor's lien note.

2. That the effect of the transaction with Kulhanek was to satisfy and discharge the original vendor's lien note and to attempt to create a mortgage upon the homestead to secure a debt for borrowed money. Whether the evidence was sufficient to support a finding to this effect, it is unnecessary to consider. The testimony of Hoelscher and wife and of Kulhanek clearly shows that the purpose of the entire transaction was to obtain from Kulhanek the money to carry the loan at a lower rate of interest than that being paid to Ehlinger, and the transaction took the form it did because Kulhanek thought that the method employed was the proper legal one. The clear intention of the parties was to secure Kulhanek in like manner as Ehlinger was secured, and to transfer the obligation represented by the original note from Ehlinger's to Kulhanek's ownership. The consideration represented by the $1,300 vendor's lien note was paid direct by Kulhanek to Ehlinger. The transaction was no different in substance or in legal effect than if Ehlinger had transferred the note to Kulhanek, and a new note had been given in renewal and extension thereof.

The trial court's judgment is affirmed.

Affirmed.