## HUNT et ux. v. McCAIN.
### No. 1466.

Court of Civil Appeals of Texas. Waco.
June 14, 1934.

Rehearing Denied July 12, 1934.

J. T. Spencer and Will Hancock, both of Waxahachie, for appellants.

Archie D. Gray, of Waxahachie, for appellee.

GALLAGHER, Justice.

This is a trespass to try title suit, instituted by appellee, J. E. McCain, against appellants, W. W. Hunt and wife, Kate Hunt, to recover title to and possession of 1.14 acres of land and damages resulting from a nuisance created and maintained thereon, and for a mandatory injunction to abate the same. Appellee alleged, in substance, that he owned a tract of land containing 48 acres; that appellants owned a tract of land lying immediately south of his land; that Richland creek flowed across the southwest corner of his land and across the land of appellants; that the natural flow of surface water on about 250 acres of land lying east of his land was over and across the land of appellants; that in the year 1923, a ditch was constructed along the south line of the tract of land lying east of his land as aforesaid, which ditch extended near but not to the corner of his land; that the west end of said ditch opened into a natural ravine which ran through the land of appellants and into said creek; that none of the water flowing in said ditch ever reached or flowed over his land; that a short time before the institution of this suit, appellants entered upon a narrow strip of land off the south side of his said tract, which strip extended from his southeast corner westward to said creek, and which land was the land sued for herein; that appellants dug a ditch on said land from his

said southeast corner to said creek; that they also erected an embankment along the south side of said ditch; that they connected said newly dug ditch with the former one as hereinbefore described and dammed said ravine into which the former ditch had theretofore emptied, and had thereby caused all the water which had formerly flowed through the old ditch to flow on through the new ditch into said creek; that said new ditch was insufficient to carry the volume of water turned into it; that when it overflowed, said embankment on the south cast the overflow water onto his land adjoining the strip sued for, inflicting serious damage thereto. Appellee also alleged that the damage resulting from the diversion of surface water onto and over his land would continue and increase so long as said ditch, embankment, and dam across said ravine into which the old ditch emptied, were maintained. Appellee prayed for the recovery of said strip of land, for damages for injuries inflicted upon his land and crops, and for a mandatory injunction requiring appellants to fill said ditch and remove said embankment and dam.

The case was submitted to a jury on special issues, and the court, on the answers returned thereto, rendered judgment for appellee against appellants for title to and possession of the land sued for, and for damages in the sum of $35, and also awarded a mandatory injunction commanding and requiring appellants to fill the ditches and level the embankments so constructed and maintained by them.

### Opinion.

■ Appellants present numerous assignments of error in which they assert that the court erred in overruling their plea in abatement. Appellants filed an original and a first and second amended original answer to the merits of the case. Simultaneously with the filing of the second amended answer, they for the first time filed a separate plea in abatement, which was in legal effect a mere exception to appellee's petition on the alleged ground of misjoinder of causes of action. The court overruled said plea. Appellants insist in this connection that appellee's suit for the recovery of the land from which he alleged he had been ousted by appellants, his suit for damages to the remainder of his tract of land, and his suit for a mandatory injunction requiring appellants to fill the ditches and level the embankments alleged to have been constructed by them, were each separate and distinct causes of action, and so essentially different as to make it improper to join them in the same suit. The recovery of damages for trespass or unlawful entry upon and use of the land sued for is a statutory element in suits in trespass to try title. R. S. art. 7366, subdivision 6. When a wrongful entry has been made upon only a part of a single tract of land belonging to another, but such entry and the use made of such part so entered upon injuriously affects the remainder of the tract or the purposes for which it is being used, no separate cause of action for such injury arises. In such cases the responsibility of the trespasser for the injuries resulting from his trespass is not limited to the boundaries of the tract actually seized and occupied by him. Appellee alleged that the ditches and embankments which he asked the court by mandatory injunction to require appellants to fill and level, caused the injuries complained of, and that their continued maintenance would perpetuate and increase the damage resulting therefrom. Inquiry with reference to the truth of such allegations was therefore pertinent not only to the issue of the granting or refusing of such injunction, but also to the issue of whether damages awarded, if any, should be for temporary or permanent injury to appellee's land. Each of the so-called separate causes of action was between the same parties and testimony in support of any one of them was in whole or in part pertinent to the issues involved in one or both of the others. Appellants' plea in abatement was therefore properly overruled. 1 Tex. Jur., p. 660, § 45, and authorities cited in notes 2 and 3; Hillman v. Baumbach, 21 Tex. 203, 204; Roth v. Carrell (Tex. Civ. App.) 56 S.W.(2d) 682, 683, par. 1 (writ refused); City of Dallas v. Early (Tex. Civ. App.) 281 S. W. 883, 884, pars. 2 to 4, inclusive.

Appellants present assignments of error in which they assert that the court erred in submitting the issue of title in appellee to the land sued for under the provisions of our ten-year statute of limitation (Rev. St. 1925, art. 5510), and in rendering judgment on the finding of the jury in response thereto in favor of appellee for the recovery of such land. The specific contention urged by appellants in this connection is that title under and by virtue of such statute must have been specially pleaded by appellee before he could recover thereon. There is no contention that appellee showed title to the land recovered in any other way than by limitation. The issue submitted by the court and the finding of the jury thereon were as follows:

"Do you find from a preponderance of the

evidence that the plaintiff, J. E. McCain, and those under whom he claims title, has had and held the peaceable and adverse possession of the 1.14 acres of land described in his petition, cultivating, using and enjoying the same for a period of ten consecutive years after defendants' cause of action therefor accrued and before August 18, 1932, the date of the filing of this suit?"

Answer: "Yes."

Appellants objected to the submission of said issue on the ground that the same was not supported by the pleadings, and they assail the judgment rendered in favor of appellee for the recovery of said land on the same ground. Appellee's petition contained, in substance, the allegations prescribed by article 7366 of our Revised Statutes. The averments therein of prior possession by appellee, appellants' trespass thereon, and his ouster therefrom by them, as required by subdivisions 4 and 5 of said article, were as follows:

"That during the month of February, 1932, the defendants, W. W. Hunt and said Kate Hunt, acting together, jointly and severally, took possession of the premises herein described, against the consent and will of plaintiff, and ousted him from such possession, which he was legally entitled to and which belonged to him and which he had had possession of peaceably, quietly and uninterruptedly for more than ten years."

No other or further allegation concerning the character of his possession or his use of the land during the same was made.

The basis for a claim of title to land under and by virtue of the ten-year statute is, in substance, that the claimant has had continuous, peaceable, and adverse possession of such land, cultivating, using, or enjoying the same for the full period of ten years after the cause of action of the adverse claimant accrued and before the institution of the suit in which such issue of title is involved. Revised Statutes, art. 5510; 2 Tex. Jur., p. 321, § 179. Appellee wholly failed to include in such pleading any allegation that the possession asserted by him therein was adverse or that during the same he made such use of the land as to constitute a visible appropriation thereof. Such pleading was therefore manifestly insufficient to constitute an assertion by him of title to the land sued for under such statute. The rule that a party seeking to recover land on a limitation title must specifically plead the same, notwithstanding he has included in his petition a formal count in trespass to try title for the recovery thereof, is firmly established in this state. Curlin v. Hendricks, 35 Tex. 225, 248; Mayers v. Paxton, 78 Tex. 196, 199, 14 S. W. 568; Miller v. Gist, 91 Tex. 335, 340, 43 S. W. 263; Molino v. Benavides, 94 Tex. 413, 415, 60 S. W. 875; Erp v. Tillman, 103 Tex. 574, 584, 131 S. W. 1057; Hall v. Hix (Tex. Civ. App.) 297 S. W. 491, 496, par. 5 (writ refused); Luttrell v. Click (Tex. Civ. App.) 200 S. W. 255, 258, par. 2; Bunn v. City of Laredo (Tex. Civ. App.) 208 S. W. 675, 677, par. 4; Cook v. Houston Oil Co. of Texas (Tex. Civ. App.) 154 S. W. 279, 282, par. 5; Hunnicut v. Brydson (Tex. Civ. App.) 274 S. W. 1015, 1016, par. 1. Since appellee did not include in his petition a sufficient plea of title in him by limitation, the court erred in submitting said issue and in rendering judgment on the finding of the jury in response thereto.

Appellants' other assignments of error complain of matters which will not necessarily arise in the same way, if at all, upon another trial.

The judgment of the trial court is reversed and the cause remanded.